UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Richard Willis,** an individual, **Pam Ganus,** an individual, and all others similarly situated, <br><br>  Plaintiffs, <br><br> v. <br><br> **Sweet Homelife, LLC,** a corporation; **Sweet HOMElife Real Estate,** an unincorporated real estate entity; **Lorie McRee,** an individual and agent of Sweet HOMElife Real Estate; **Andrea Quick,** an individual and agent of Sweet HOMElife Real Estate, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 2:20cv574-JEO <br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

**COME NOW** Richard Willis (hereinafter "Plaintiff") and Pam Ganus (hereinafter "Plaintiff"), and bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants, Sweet HOMElife Real Estate, an unincorporated real estate entity; Sweet Homelife, LLC, a Alabama limited liability corporation; Lorie McRee, an individual and agent of Sweet HOMElife Real Estate and/or Sweet Homelife, LLC; and Andrea Quick, an individual and agent of Sweet

1

HOMElife Real Estate and/or Sweet Homelife, LLC (collectively hereinafter referred to as "Defendants") to put an end to its unlawful practice of placing unsolicited telemarketing calls to consumers in Alabama and nationwide. Plaintiffs, for their Complaint, allege as follows:

## INTRODUCTION

The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., (hereinafter "TCPA") was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendants made these calls despite the fact that neither the Plaintiffs, nor the other members of the putative Class, ever provided Defendants with their prior written express consent to be called. By making the phone calls at issue in this Complaint, Defendants caused Plaintiffs, and the other members of the Class, actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls, wrongfully occupying their telephone lines, and the monies paid to their telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

Because Defendants make and/or facilitate unsolicited pre-recorded advertising calls ("robocalls") to consumers without prior written express consent, Defendants have, and continue to, violate the TCPA.

In response to Defendants' unlawful conduct, Plaintiffs filed the instant lawsuit seeking an injunction requiring Defendants to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class, as provided under the TCPA, together with costs and reasonable attorneys' fees.

**I. PARTIES**

1. Plaintiff Richard Willis (hereinafter "Plaintiff") is over the age of nineteen (19), and is a resident of Jefferson County, Alabama. Richard Willis received, after approximately February 2020, one or more pre-recorded advertising calls from Defendants without his written consent and the calls did not include the opt out mechanism required by law. Plaintiff Willis' cellular telephone number has been listed on the Federal Trade Commission's Do Not Call list since, approximately, February 27, 2006.

2. Plaintiff Pam Ganus (hereinafter "Plaintiff") is over the age of nineteen (19), and is a resident of Shelby County, Alabama. Pam Ganus received, after approximately February 2020, one or more pre-recorded advertising calls from Defendants without her written consent and the calls did not include the opt out mechanism required by law. Plaintiff Ganus' cellular telephone number has been listed on the Federal Trade Commission's Do Not Call list since, approximately, June 19, 2009.

3.      Defendant Sweet HOMElife Real Estate is a privately held real estate entity which was initially organized in, and which operates out of, Alabama. According to information and belief, Defendant Sweet HOMElife Real Estate operates and advertises itself without disclosing whether it is an incorporated entity or limited partnership, or otherwise. Defendant operates its real estate sales business in Alabama, and has 47 or more licensed real estate agents in its employ, and has its principal place of business within the Birmingham division of the Northern District of Alabama.

4.      Defendant Sweet Homelife, LLC is an Alabama corporation located within the Northern District of Alabama.

5,      Defendant Lorie McRee is a licensed real estate salesperson employed by Sweet HOMElife Real Estate and/or Sweet Homelife, LLC and resides within the Northern District of Alabama.

6.      Defendant Andrea Quick is a licensed real estate salesperson employed by Sweet HOMElife Real Estate and/or Sweet Homelife, LLC and resides within the Northern District of Alabama.

7.      Defendants have resorted to unsolicited robocalls to advertise their business and grow their customer base.

## II. JURSDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, as the following civil action arises pursuant to 47 U.S.C. § 227, et seq. and seeks up to $1,500.00 in damages per violation, which in the aggregate exceeds $75,000.00.

9. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in the United States District Court for the Northern District of Alabama as a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of Alabama, Birmingham Division.

## III. FACTUAL OVERVIEW

11. Among other things, the TCPA prohibits certain unsolicited marketing calls, and restricts the use of automatic dialers and/or pre-recorded messages.

12. Defendants engage in the sale and trade of real estate. Unfortunately, in the pursuit of advertising said goods and services, according to information and belief, Defendants conducted, and continues to conduct, large scale telemarketing campaigns. 47 U.S.C. § 227, et seq.

13. In order to reach more customers, Defendants used an invasive and illegal method of advertising: unsolicited telemarking via a pre-recorded message and/or automatic dialer known as "robocalling."

14. Defendants, or their agents, place pre-recorded calls to consumers to advertise the Defendants' real estate business.

15. According to information and belief, Defendants made, and continues to make, these telemarketing calls to consumers statewide and otherwise without their prior written consent to do so and without the required mechanism to allow call recipients to opt out of future calls.

16. Defendants tried to comply with all rules, regulations, statues, and declaratory rulings related to its prerecorded telemarketing calls.

17. Defendants did not comply with all rules, regulations, statues, and declaratory rulings related to its prerecorded telemarketing calls.

18. Congress delegated to the Federal Communications Commission (FCC) the authority to make rules and regulations to implement the TCPA and therefore its orders have the force of law. *See, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir.2009) (citing *Chevron v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984); 47 U.S.C. §227(b)(2)).

19. FCC rules and regulations "require prior express written consent for all … prerecorded telemarketing calls to wireless numbers and residential lines… ." FCC rules and regulations "require an automated, interactive opt-out feature at the outset of any … artificial or prerecorded telemarketing Call that could be

answered by the consumer in person and is available throughout the duration of the ... prerecorded telemarketing call."[1]

20. As a result of Defendants' unlawful issuance of pre-recorded telemarketing calls, Plaintiffs and putative class members were caused actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited pre-recorded phone calls, wrongfully occupying their telephone lines and depriving them of the use of their telephones during the duration of the wrongful pre-recorded call, causing them to waste their time and effort to listen to such wrongful pre-recorded calls, and the monies paid to their telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

---

[1] "The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.
(i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.
(ii) The term "signature" shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law."

## IV. PLAINTIFF'S EXPERIENCE

21. Plaintiff Willis and Plaintiff Ganus registered their respective cellular telephone number on the National Do Not Call Registry.

22. Starting in or around 2020, Plaintiffs received pre-recorded telemarketing calls from Defendants on Plaintiffs' cellular phones, regarding Defendants' real estate business made or caused to be made by Defendants or Defendants' agent, employee, and/or an individual acting on Defendants' behalf, which stated, or substantially similar to, the following:

> "Hey, this is Lorie McRee with Sweet Home Life Real Estate. My partner, Andrea Quick, and I represent a group of real estate investors who are looking to purchase homes in Shelby County for all cash offers. The process is really simple. We will personally come take a look at your property and present you with an all cash offer. We have purchased many homes in Shelby County and have many satisfied customers. It's really an easy process. Please give us a call back at this number and we will more than happy to answer any of your questions. We look forward to hearing from you. Thank you, and have a great day."

23. Plaintiffs have received one or more robocalls from the Defendants without their respective written consent and/or the robocall did not contain the opt out mechanism required by the TCPA and/or its rules, regulations, or declaratory rulings.

24. Plaintiffs have never given Defendants express, written consent to contact Plaintiffs via prerecorded telemarketing calls and did not consent to

8

received telemarketing calls that did not contain an opt out mechanism that would allow Plaintiff(s) to opt out of and avoid future calls.

25. Defendants' telemarketing call(s) did not provide the opt-out mechanism required by rule, regulation, statute, or declaratory ruling related to prerecorded telemarketing calls and advertisements.

26. Defendants were, and are aware, that they are placing unsolicited robocalls (unsolicited prerecorded telemarketing calls) to Plaintiffs and other consumers without their prior written consent.

27. Defendants were, and are aware, that they are placing robocalls and/or prerecorded telemarketing calls without including an opt-out mechanism.

28. Defendants tried to adhere to the prohibition to not make robocalls or pre-recorded calls to telephone numbers registered or listed on the Do Not Call registry, or other applicable list.

## V. CLASS ALLEGATIONS

29. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of themselves and a Class of similarly situated individuals defined as follows:

> **Robocall Class**: All persons in the United States who (1) received a telephone call; (2) promoting Defendants' services and goods; (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior written express consent to make such call

9

to the telephone number that received it or (5) for which the call did not include an opt out mechanism.

30. Excluded from the Class are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entity's current and former employees, officers, and directors, (2) the Judge to whom this case is assigned and the Judge's immediate family, (3) persons who execute and file a timely request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

31. The exact number of members of the Class is unknown and is not available to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals. Class members can be easily identified through Defendants' records.

32. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendants' conduct violated the TCPA;

b. Whether Defendants made calls featuring an artificial or pre-recorded voice;

c. Whether Defendants and/or its agents systematically made phone calls to persons who did not previously provide Defendants and/or its agents with their prior express consent to receive such phone calls;

d. Whether Defendants failed to provide an opt-out mechanism required by law, rule, or regulation;

e. Whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct; and

f. Whether Defendants failed to ensure advertising calls were not made to telephone numbers on the Do Not call registry.

33. Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs and the Class sustained damages as a result of Defendants' uniform wrongful conduct during transactions with Plaintiffs and the Class.

34. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs. Plaintiffs and counsel are committed to vigorously prosecuting this action on behalf of the members of

the Class, and have the financial resources to do so. Neither Plaintiffs nor counsel have any interest adverse to those of the other members of the Class.

35. This class action is appropriate for certification because Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiffs' challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to the Plaintiffs and to all of the other members of the Class. Plaintiffs and the members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

36. This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this

controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendants' actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendants. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court, and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

37. Plaintiffs reserve the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION
## VIOLATION OF 47 U.S.C § 227
### (On behalf of Plaintiffs and the Robocall Class)

38. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

39. Defendants made unsolicited and unwanted prerecorded telemarketing calls to the cellular and/or residential number belonging to Plaintiffs and the other members of the Robocall Class without their prior written express consent and such unwanted telemarketing calls did not include an opt out mechanism as required by applicable law, rule, or regulation.

40. Defendants made unsolicited telemarketing calls to the telephone numbers belonging to Plaintiffs and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall" and/or made calls to Plaintiffs and the other members of the Robocall Class that did not include an opt out mechanism.

41. By making, or having made on its behalf, unsolicited robocalls utilizing an artificial or pre-recorded voice to Plaintiffs' and the Class's telephones without their prior written express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in statutory damages for each violation of the TCPA.

42. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount

of statutory damages recoverable by Plaintiffs and the other members of the Robocall Class.

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILITY FOR TCPA VIOLATIONS
## BY A THIRD-PARTY TELEMARKETER
## (On behalf of Plaintiff and the Robocall Class)

43. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

44. A third-party telemarketing firm, or firms acting as agents for Defendants, made unsolicited Robocall telemarketing calls to the telephone numbers belonging to Plaintiffs and the other members of the Robocall Class.

45. By making or having made on its behalf by third party telemarketing firm or firms, unsolicited robocalls without prior written express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in statutory damages for each violation of the TCPA.

46. Defendants are liable with regard to said Robocall violations as said third party telemarketers had (1) access to detailed information regarding the nature of Defendants' products; (2) the authority to contact Plaintiffs and putative

class members using Defendants' trade names; (3) Defendants approved, ratified and/or reviewed said third party telemarketers scripts; and (4) Defendants knew or reasonably should have known that the telemarketer was violating the TCPA on Defendants' behalf, and Defendants failed to take effective steps within its power to force the telemarketer to cease said conduct.

47. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Robocall Class.

### THIRD CAUSE OF ACTION
### VICARIOUS LIABILITY WITH RESPECT TO
### DO-NOT-CALL VIOLATIONS
### (On behalf of Plaintiff and the Robocall Class)

48. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

49. 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to "...(2) A residential telephone subscriber who has registered his or her telephone number on the national Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50. Third party telemarketing firm or firms acting as agents for Defendants made unsolicited telemarketing calls to the cellular telephone number

belonging to Plaintiffs, and the other members of the Do Not Call Class despite said Do Not Call registration.

51. Said calls were made by said Third Party telemarketing firm or firms or "on behalf" of Defendants as contemplated by 227(c)(5).

52. Defendants are liable with regard to said do-not-call violations as said third party telemarketers had (1) access to detailed information regarding the nature of Defendants' products; (2) said third party telemarketers had the authority to contact Plaintiffs and putative class members using Defendants' trade names; (3) Defendants approved, ratified and/or reviewed said third party telemarketers scripts; and (4) Defendants knew or reasonably should have known that the telemarketer was violating the TCPA on Defendants' behalf, and Defendants failed to take effective steps within its power to force the telemarketer to cease said conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Willis and Plaintiff Pam Ganus, on behalf of themselves and the putative Class, respectfully request that this Court enter an order:

    A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff Richard Willis and Plaintiff Pam Ganus as

representatives of the Robocall classes, and appointing the undersigned legal counsel for Mr. Willis and Ms. Ganus as Class Counsel;

B.     Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein, and ensuring that the Defendants makes all efforts to adhere to all regulations, rules and declarative rulings by the FCC and FTC related to automated and prerequisite order calls;

C.     Awarding actual and statutory damages;

D.     Awarding Plaintiffs and the Robocall class their reasonable litigation expenses and attorneys' fees;

E.     Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

F.     Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted this the 27th day of April, 2020.

/s/ James H. McFerrin
JAMES H. McFERRIN
ASB-29450-m72j

**OFCOUNSEL:**
**McFERRIN LAW FIRM, L.L.C.**
**3117 Manitou Lane**
**Birmingham, Al 35216**
**(205) 637-7111**
**jhmcferrin@bellsouth.net**


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**

Sweet HOMElife Real Estate AKA Sweet Homelife LLC
c/o Kimberly Bibb
2722 Mount Olive Rd
Mount Olive, AL 35117

LORIE ANN McREE
c/o Sweet HOMElife Real Estate aka SWEET HOMELIFE LLC
2722 Mount Olive Rd
Mount Olive, AL 35117

Andrea Quick
c/o Sweet HOMElife Real Estate aka SWEET HOMELIFE LLC
2722 Mount Olive Rd
Mount Olive, AL 35117

19